1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3    * * *

4    Las Vegas Sands, Inc., *et al.*,                      Case No. 2:22-cv-00461-JCM-BNW

5                          Plaintiffs,                      **ORDER**

6              v.

7    National Union Fire Insurance Company,

8                          Defendant.

9

10   Before the Court are two motions to seal.

11   First is Defendants' motion seeking to seal exhibits R-U to the Declaration of Michael

12   Hartley in support of its Motion for Summary Judgment.  ECF No. 91. No opposition has been

13   filed.

14   Next is a similar motion filed by Plaintiffs, seeking to seal Exhibits 12, 18, 19, 26, 27,

15   and 28 in support of their Motion for Summary Judgment.  ECF No. 93. No opposition has been

16   filed.

17   This Court applies the case law below to each of the motions addressed in this order.

18   I.    **ANALYSIS**

19   Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City &*

20   *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly

21   accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of

22   overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to

23   seal the record must articulate compelling reasons supported by specific factual findings that

24   outweigh the general history of access and the public policies favoring disclosure, such as the

25   public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal

26   quotation marks and citations omitted). The Ninth Circuit has further held that the full

27   presumption of public access applies to technically nondispositive motions and attached

28   documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr.*

1   *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

2          Among the compelling reasons which may justify sealing a record are when such court

3   files might have become a vehicle for improper purposes, such as the use of records to gratify

4   private spite, promote public scandal, circulate libelous statements, or release trade secrets.

5   *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment,

6   incrimination, or exposure to further litigation will not, without more, compel the court to seal its

7   records. *Id.*

8          "[A] different standard applies to 'private materials unearthed during discovery,' as such

9   documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447

10  F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or

11  person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant

12  standard for purposes of Rule 26(c) is whether good cause exists to protect the information from

13  being disclosed to the public by balancing the needs for discovery against the need for

14  confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest

15  in nondispositive materials," the court applies the good cause standard in evaluating whether to

16  seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often

17  unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the

18  public's interest in accessing dispositive materials does 'not apply with equal force' to non-

19  dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion

20  whether to seal documents. *Id.* at 679.

21         **A.      There are compelling reasons to seal the exhibits referenced in Defendants'
22                  motion at ECF No. 91**

23         Defendants seek to seal several exhibits attached to the Declaration of Michael J. Hartley

24  as these exhibits contain claims handling guidelines considered to be trade secrets.

25         Because these documents are attached to a dispositive matter, the Court applies the

26  compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

27

28                                                      2

"Courts have routinely held that insurer's claims-handling guidelines are trade secrets." *Chavez v. Standard Ins. Co.*, No. 3:18-CV-2013, 2020 WL 6382611, at *2 (N.D. Tex. Oct. 30, 2020) (collecting cases). Here, the Court finds Defendants have demonstrated compelling reasons to seal the documents in question.

As a result, Defendants' motion at ECF No. 91 will be granted.

**B.     There are compelling reasons to seal only Exhibits 12, and 26-28 referenced in Plaintiffs' motion at ECF No. 93**

Plaintiffs seek to seal several exhibits filed in support of their Motion for Summary Judgment. ECF No. 93.

Because these documents are attached to a dispositive matter, the Court applies the compelling reason standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

Exhibit 12 contains a confidential settlement release and agreement between Plaintiffs and Defendants in the *Suen* Action, which is highly confidential and contains sensitive and confidential financial and business information between the parties to that settlement. This Court finds compelling reasons exist to seal Exhibit 12. *Nixon v. Warner Commc'ns Inc*., 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information).

Exhibits 26-28 are legal invoices from counsel defending the *Suen* Action that contain sensitive and confidential financial and business information regarding the attorneys' privileged work product and Plaintiffs' legal costs incurred for defending the Suen Action. This Court finds compelling reasons exist to seal Exhibits 26-28. *See TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *5 (D. Arizona Dec. 13, 2011) ("The Court agrees that such information [containing attorney-client privileged information] is properly redacted," and "finds that TriQuint has shown compelling reasons to seal ... information that is attorney-client privileged.").

Exhibits 18 and 19 are documents that National Union produced and marked as Confidential. Stipulated protective orders alone do not justify sealing court records. See, e.g., *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)"). As a result, no compelling reasons exist to seal these exhibits.

Here, the Court finds Plaintiffs have demonstrated compelling reasons to seal Exhibits 12, and 26-28. However, no compelling reasons have been provided to seal Exhibits 18 and 19.

As a result, Plaintiffs' motion at ECF No. 93 will be granted in part and denied in part.

## II.   CONCLUSION

**IT IS THERERFORE ORDERED** that Defendants' Motion to Seal at ECF No. 91 is GRANTED. The Clerk of Court is directed to maintain under seal the exhibits at ECF No. 92.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal at ECF No. 93 is GRANTED in part and DENIED in part. The Clerk of Court is directed to maintain under seal the exhibits at ECF Nos. 108, 109, and 110.

/ / /

/ / /

/ / /

4

**IT IS FURTHER ORDERED** that Plaintiffs shall a renewed motion to seal Exhibits 18 and 19 that explains what compelling reasons exist for their sealing. The motion is due by November 20, 2023. Failure to file this motion will result in an order unsealing Exhibits 18 and 19.

DATED this 19th day of October 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

5