UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAS VEGAS SANDS, INC. et al,<br><br>Plaintiff(s),<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>Defendant(s). | Case No.2:22-CV-461  JCM (BNW)<br><br>ORDER |

Presently before the court is defendant National Union Fire Insurance Company of Pittsburgh, PA's motion for summary judgment. (ECF No. 88). Plaintiffs Las Vegas Sands, Inc., n/k/a Las Vegas Sands LLC, and Las Vegas Sands Corp. (collectively, the "LVS plaintiffs") filed a response (ECF No. 124), to which defendant replied. (ECF No. 131).

Also before the court is the LVS plaintiffs' motion for partial summary judgment. (ECF No. 94). Defendant filed a response (ECF No. 117), to which the LVS plaintiffs replied. (ECF No. 132).

Also before the court is defendant's request for judicial notice. (ECF No. 120). The LVS plaintiffs filed a response. (ECF No. 129).

**I.    Background**

This case involves an insurance coverage dispute. On October 14, 2004, Richard Suen and

Round Square Company Limited (collectively, "Suen") filed suit against the LVS plaintiffs[1] in Nevada state court (the "Suen action"). The gravamen of Suen's complaint was that he entered into an agreement with the LVS plaintiffs to help them obtain a gaming license in Macau in exchange for $5 million and a success fee of 2% of net profits from the resort. (*See* ECF Nos. 1; 88).

The LVS plaintiffs were insured under a directors, officers, and private company insurance policy sold by defendant. (ECF No. 1, at 2-3). On November 2, 2004, LVS, through its broker, reported the Suen action to defendant and requested defense coverage. (ECF No. 88 at 14). The next day, defendant notified LVS's broker that it would not provide coverage for the claim.[2] (*Id.*). In 2019, shortly after the third trial began, the parties settled the matter. (*Id.* at 16).

The LVS plaintiffs brought the instant action against defendant to recover their defense or settlement costs, or both, for the Suen action. They allege two breaches of contract, violations of the Nevada Unfair Claims Practices Act, a contractual and tortious breach of the covenant of good faith and fair dealing, and further seek declaratory relief. (*Id.*).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary

---

[1] The complaint named Las Vegas Sands Corp., Las Vegas Sands, Inc., and LVS's two most senior executives as defendants. (ECF No. 88 at 14).

[2] The denial letter quoted policy exclusion (h), which provides that defendant is not liable for losses in connection with "a claim … alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the Company under any express contract or agreement." (ECF No. 49, Ex. A at 68).

- 2 -

judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

. . .

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

### III. Discussion

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for oral argument. LR 78-1.

A. <u>Defendant's request for judicial notice</u>

As an initial matter, defendant requests that the court take judicial notice of court records related to the Suen action. (ECF No. 120). Under Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). However, because the documents are irrelevant to the court's decision, it will decline to take judicial notice of the documents submitted by defendant. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2. (9th Cir. 2006).

B. <u>Defendant's motion for summary judgment</u>

The LVS plaintiffs allege that defendant breached the policy agreement because it declined to provide defense or settlement costs for the Suen action. (ECF No. 1 at 12-13).

Nevada treats insurance policies like other contracts, and thus, legal principles applicable to contracts are generally applicable to insurance policies. *Century Sur. Co. v. Andrew*, 134 Nev. 819, 432 P.3d 180, 183 (2018) (citations omitted). Nevada law requires a breach of contract

- 4 -

claimant show (1) the existence of a valid contract, (2) performance by the plaintiff, (3) a breach by the defendant, and (4) damages resulting from the breach.  *Walker v. State Farm Mutual Automobile Insurance Company*, 259 F.Supp.3d 1139, 1145 (D. Nev. 2017).

"Whether a party has breached a contract and whether the breach is material are questions of fact."  *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011) (citing *Hoffman v. Eighth Judicial Dist. Court*, 90 Nev. 267, 523 P.2d 848, 850 (1974).

In Nevada, "[t]he starting point for the interpretation of any contract, including insurance policies, is with its plain language."  *WP6 Rest. Mgmt. Grp. LLC v. Zurich Am. Ins. Co.*, No. 2:20-cv-1506-KJD-NJK, 2022 WL 980248, at *7 (D. Nev. Mar. 31, 2022).

An insurance policy "is enforced according to its terms to effectuate the parties' intent," viewing its provisions "in their plain, ordinary[,] and popular sense."  *Levy Ad Grp., Inc. v. Chubb Corp.*, 519 F. Supp. 3d 832, 836 (D. Nev. 2021), *aff'd sub nom. Levy Ad Grp., Inc. v. Fed. Ins. Co.*, No. 21-15413, 2022 WL 816927, at *1 (9th Cir. Mar. 17, 2022) (citing *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303 (1993)).

"To determine whether a term is ambiguous, it should not be viewed standing alone, but rather in conjunction with the policy as a whole 'in order to give a reasonable and harmonious meaning and effect to all its provisions.'"  *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011).  Ultimately, the interpretation of an insurance policy is a question of law for the court.  *Levy,* 519 F. Supp. 3d at 836.

The court finds that summary judgment is appropriate because coverage for the Suen action was properly denied under exclusion (h).  This exclusion states that defendant is not liable for losses in connection with "a claim … alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of the company under any express contract or agreement."

(ECF No. 49, Ex. A at 68).

The LVS plaintiffs contend that a claim means each individual cause of action and not the entirety of Suen's complaint. (ECF No. 124 at 3). They argue that because Suen also alleged non-contractual causes of action, defendant had a duty to defend the entire Suen action. (*Id.*). The LVS plaintiffs also contend that defendant did not treat the Suen action as one claim because its renewed 2017, denial letter analyzed each cause of action in the first amended complaint separately. (*Id.* at 19).

The policy defines a claim as "a civil, criminal, administrative, regulatory or arbitration proceeding for monetary or non-monetary relief." (ECF No. 49, Ex. A at 22). The court finds that the term claim as defined in the policy is unambiguous. A reasonable person would interpret a claim to mean the entirety of the Suen action—a civil proceeding for monetary relief.

The LVS plaintiffs have failed to provide the court with any support that the term claim means each individual cause of action, and that defendant had a duty to defend the entirety of the Suen action. Moreover, defendant's conduct in its 2017, denial letter does not change the fact that the Suen action is still a claim as defined in the policy.

Next, it cannot be disputed that the Suen action was a claim arising out of an alleged contractual liability of LVS under an express contract or agreement. (ECF No. 88 at 14). Suen alleged that LVS was liable under the success fee agreement. (*See generally id.*). In fact, the LVS plaintiffs concede that the Suen action was brought because of their refusal to pay Suen. (ECF No. 124 at 8).

Thus, no reasonable jury could conclude that defendant breached its policy agreement with the LVS plaintiffs, who have failed to make a showing sufficient to establish that a breach occurred. *See Celotex Corp.*, 477 U.S. at 323–24.

Because the court finds that defendant properly denied coverage based on policy exclusion (h), it need not reach any other arguments brought before it. Therefore, summary judgment is appropriate as to the LVS plaintiffs' first, second, and third causes of action.

The LVS plaintiffs' remaining causes of action allege that defendant violated multiple provisions of NRS 686A.310 and breached the contractual and tortious covenant of good faith and fair dealing. (ECF No. 1 at 13-17).

The Nevada Unfair Claims Practices Act, NRS 686A.310, addresses "the manner in which an insurer handles an insured's claim." *Zurich Am. Ins. Co. v. Coeur Rochester*, *Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010) (internal quotation omitted). The statute lists sixteen activities that constitute unfair practices. NRS § 686A.310(1)(a)-(p). When an insurance company engages in one of these prohibited activities, the insured may bring a private right of action against the insurer for violations of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F.Supp. 900, 903 (D. Nev. 1994).

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 426–27 (Nev. 2007). The purpose of the claim is to prevent a contracting party from "deliberately counterven[ing] the intention and spirit of the contract." *Morris v. Bank of America Nevada*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

Because the court has already found that defendant did not breach its agreement with the LVS plaintiffs, their fourth, fifth, and sixth causes of action fail as a matter of law. Therefore, summary judgment is appropriate.

. . .

  C. <u>The LVS plaintiffs' motion for partial summary judgment</u>

  Having granted defendant's motion for summary judgment, the court denies the LVS plaintiffs' motion for partial summary judgment as moot.

**IV.** **Conclusion**

  Accordingly,

  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 88), is GRANTED.

  IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment (ECF No. 94), is DENIED, as MOOT.

  IT IS FURTHER ORDERED that defendant's request for judicial notice (ECF No. 120) is DENIED.

  As no claims remain, the clerk of the court is INSTRUCTED to enter judgment in favor of defendant and close this case.

  DATED September 23, 2024.

                 _____
                  UNITED STATES DISTRICT JUDGE